IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JUDY C. JONES, individually and as sole
trustee of family trust of Harold L. and Judy
C. Jones Family Trust, dated 10/1/1999                                         PLAINTIFF

v.                                  Case No. 2:13-CV-02153

GREAT AMERICAN LIFE INSURANCE COMPANY
and JOHN DAVID BEAN, individually and d/b/a/
ADVISORY SERVICES LIMITED and d/b/a THE
BEAN AGENCY                                                                    DEFENDANTS

# ORDER

Plaintiff Judy C. Jones, individually and as trustee for the Harold L. and Judy C. Jones Family Trust ("the Trust"), brought this action against Defendants Great American Life Insurance Company ("GALIC") and John David Bean. Jones alleged that Bean, an agent of GALIC, cancelled her now-deceased husband's term-life insurance policy without authorization. GALIC answered and filed a crossclaim against Bean, alleging that Bean was not its agent, and that if GALIC was found to have wrongfully terminated the life insurance policy, Bean was responsible and should be liable to GALIC. Bean has failed to appear, answer, or otherwise respond to either the complaint or the crossclaim, despite being properly served. (Docs. 18 and 19 (affidavits of service)). Accordingly, the Clerk of Court entered default against Bean on Jones's complaint on August 5, 2014 (Doc. 29) and on GALIC's crossclaim on October 6, 2014 (Doc. 38). Currently before the Court are the motions of GALIC (Doc. 22) and Jones (Doc. 24) for default judgment and damages against Bean, along with supporting documents, including Court-ordered briefs on the damages issues. (Docs. 33–36).[1]

---

[1] At the time this order was entered, Jones and GALIC had settled the dispute between them, with the exception of the issues of statutory penalties and attorney's fees. A hearing on all

**I.      Analysis**

An entry of default by the clerk does not always automatically entitle the plaintiff to a default judgment. Instead, it is within the Court's discretion to determine whether a default judgment should be entered. Fed. R. Civ. P. 55(b). As a consequence of default a defaulting party is deemed to have admitted the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided."); *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) ("Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true . . . ."). While the factual allegations are taken as true, complaining parties must prove the allegations regarding the amount of damages to a reasonable degree of certainty. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818–19 (8th Cir. 2001) (noting that even where a default judgment is entered and liability is established, a plaintiff must still prove his or her actual damages to a reasonable degree of certainty).

Jones alleges the following facts in her claim (Doc. 12) against Bean, which the Court takes as true: Jones is the trustee of the Harold L. and Judy C. Jones Family Trust, which was beneficiary of a life insurance policy with a face amount of $250,000 on the life of Harold Jones. Jones was also Harold's spouse. The policy was obtained through Bean, who was an agent for GALIC at the time it was obtained. The Joneses made timely payments on the policy. Harold became ill in 2011 and was diagnosed with cancer in June 2012. Harold was ill throughout the Thanksgiving holidays in 2012. Harold was admitted to Baptist Medical Center in Little Rock,

---

pending issues was set. Prior to the hearing, Jones and GALIC informed the Court that they had resolved the remaining issues between them, withdrew their request for the hearing, and filed a joint motion to dismiss (Doc. 37), which the Court granted on October 7, 2014. (Doc. 39).

Arkansas, on December 6, 2012. He was intubated and mechanically ventilated beginning on December 15, 2012. From that point until his death on December 25, 2012, Harold was never alert, oriented, or interactive, and his mental state was such that he could neither understand nor execute documents. On December 17, 2012, while Harold was intubated, Bean called GALIC. Bean identified himself as Harold Jones and asked whether his life insurance policy was still active. GALIC represented that the policy was active, and Bean asked to cancel it. GALIC faxed the cancellation forms to "Harold Jones" at Bean's office fax number. Bean then signed the forms as "Harold Jones" and faxed them back. GALIC cancelled the policy. Harold never asked Bean to cancel his policy.

GALIC alleges the following facts in its crossclaim (Doc. 14) against Bean, which the Court takes as true: Bean called GALIC pretending to be Harold Jones and asked to cancel Harold's policy. Bean submitted cancellation forms to GALIC with Harold Jones's signature on them, and GALIC cancelled the policy based on those forms.

Because Bean is in default, he has admitted the above factual allegations. In her brief on default damages, Jones has explained that while her complaint raises four causes of action under Arkansas law—outrage, fraud, breach of fiduciary duty, and tortious interference with a contract—the only one under which she can recover individually is outrage. (Doc. 35, p. 2). Jones has also sued on behalf of the Trust, and believes she may recover in that capacity for fraud, breach of fiduciary duty, and tortious interference with a contract, though she concedes the Trust is entitled to only one award regardless of the theory of recovery. GALIC has sued Bean on the basis that Bean's actions constitute fraud and he is liable to them for damages sustained as a result of that fraud. The Court will address Jones's individual claims, then Jones's claims as trustee, then GALIC's claims.

Regarding Jones's cause of action for outrage raised in her individual capacity, to prevail against Bean, Jones must show that (1) Bean intended to inflict emotional distress by cancelling Harold's policy or knew or should have known that emotional distress was the likely result of cancelling Harold's policy; (2) cancelling Harold's policy was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community; (3) cancelling Harold's policy caused Jones distress; and (4) Jones's emotional distress was so severe that no reasonable person could be expected to endure it. *Crockett v. Essex*, 19 S.W.3d 585, 589 (Ark. 2000). Arkansas takes a strict approach to outrage cases, and the tort is not intended to "open the doors of the courts to every slight insult or indignity one must endure in life." *Id.* (citing *Travelers Ins. Co. v. Smith*, 991 S.W.2d 591, 595 (Ark. 1999).

Where an employer angrily and abruptly discharged an employee, yelling at him and accusing him (apparently falsely) of laziness and neglect, which resulted in the employee's hospitalization and eventual eviction, there was no cause of action in Arkansas for outrage, despite the bad conduct, because the employer believed the employee was in good health and knew nothing about the employee's previous heart condition or that he was easily upset. *Givens v. Hixson*, 631 S.W.2d 263 (Ark. 1982); *cf. Tandy Corp. v. Bone*, 678 S.W.2d 312, 316 (Ark. 1984) (citing employer's ignorance in *Givens* and speculating that "[i]f the employer in [*Tandy Corp.*] had been completely ignorant of Bone's condition, it may be that Bone would not have a case of extreme outrage.").

Jones is not entitled to default judgment on her outrage cause of action because her allegations fall short of establishing that Bean intended to cause emotional distress or knew or should have known that emotional distress was the likely result of cancelling Harold's policy. Nothing in the factual allegations in Jones's complaint indicates Bean knew or should have

known of Harold's terminal cancer. Jones alleges that Bean helped Harold obtain the policy in 2001, and Harold did not become ill until 2011. Jones does not allege that Bean knew anything of Harold or Harold's condition during the intervening years. Absent some allegation along these lines, the behavior alleged in the complaint does not establish liability on the tort of outrage. For example, had Harold been in good health, then the reasonably foreseeable consequence of Bean's conduct would be the inconvenience Harold would face in reestablishing his policy. If Bean knew Harold had terminal cancer, and if he did in fact unilaterally and fraudulently cancel the policy, then his conduct is as reprehensible as any the Court has seen in a civil case. These issues would doubtless have been discovered and resolved had Bean been present in this litigation. But because in default judgment the Court proceeds on the alleged facts, and because those alleged facts are silent regarding what Bean knew or reasonably could be expected to know regarding the likelihood of emotional distress, Jones is unable to prove her individual cause of action for outrage. Accordingly, her motion for default judgment in her individual capacity will be denied.

Turning to the causes of action Jones brings as trustee, the Court finds that Jones's allegations easily satisfy the elements of tortious interference with a contract. To establish liability on this cause of action, Jones must demonstrate:

> (1) the existence of a valid contractual relationship or a business expectancy; (2) knowledge of the relationship or expectancy on the part of the interfering party; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted.

*Ballard Grp., Inc. v. BP Lubricants USA, Inc.*, 436 S.W.3d 445, 454 (Ark. 2014). Jones's allegations demonstrate that a valid contract or business expectancy existed between GALIC and the Trust (which was the beneficiary of Harold's life insurance policy). Jones has also alleged

facts sufficient to show that Bean knew of the expectancy. Not only did Bean help Harold obtain the policy in 2001, but Bean confirmed with GALIC on December 17, 2012 that the policy had not been cancelled. Pretending that he was Harold, Bean then immediately acted to cancel the policy, intentionally terminating the relationship or expectancy. As a result of Bean's act, GALIC cancelled the policy, and so when Harold died on December 25, 2012, the Trust did not receive the $250,000 face value of the policy. Accordingly, Jones's motion for default judgment on behalf of the Trust will be granted. Because Jones has established tortious interference with a contract, and because she represents that the Trust is entitled to recover only one award, even if it establishes each of the causes of action it has raised, the Court need not analyze the Trust's other causes of action.

Regarding damages, Jones seeks $250,000 plus prejudgment and post-judgment interest and exemplary damages. Laying aside for the moment the issue of exemplary damages, the appropriate amount of compensatory damages for the tortious interference begins at $250,000. Bean's interference with the contract caused GALIC to cancel Harold's term-life insurance policy, which otherwise would have resulted in $250,000 being paid to the Trust after Harold's death. Prejudgment interest in Arkansas is not recoverable unless damages can be exactly determined at the time of the occurrence of the event which gives rise to the cause of action. *Woodline Motor Freight, Inc. v. Troutman Oil Co., Inc.*, 938 S.W.2d 565, 567–68 (Ark. 1997) (reviewing development of prejudgment interest law in Arkansas). Harold was still alive when Bean interfered with the contract and the policy was canceled. The $250,000 amount was not established until after Harold died. Had he lived longer, the incorrect cancellation might have been discovered and the amount of damages Bean would owe based on his interference would have been less. Jones has not shown that the extent of damages could be exactly determined at

6

the point when Bean tortuously interfered with Harold's life insurance policy and accordingly is not entitled to prejudgment interest.

The Court finds that the Trust was damaged in the amount of $250,000. However, in accordance with Arkansas law, this amount is to be offset by any amount GALIC has paid in settlement of the claim against it for failing to pay the $250,000. *Quality Petroleum, Inc. v. Windward Petroleum, Inc.*, 378 S.W.3d 818, 823 (Ct. App. Ark. 2011) (citing Restatement 2nd of Torts § 766, cmt. v (1979)). As of January 13, 2014, GALIC had paid $270,341.80 toward settlement of Jones's claim, which amount represented the $250,000 face value of Harold's policy, plus interest. (Docs. 36, p. 5; 36-4). Because the entire amount of compensatory damages that would otherwise be due to the Trust was paid at that time, there appear to be no additional compensatory damages that the Trust can recover from Bean. This is not to say that the Trust has no actual damages as a result of Bean's tort—only that the Court finds that the Trust has already recovered its compensatory damages.

Regarding Jones's request on behalf of the Trust for exemplary, or punitive, damages, the Court (as factfinder) may award punitive damages "where there is an intentional violation of another's right to his property" or "in cases of misrepresentation or deceit." *Tricou v. ACI Mgmt., Inc.*, 823 S.W.2d 924, 927 (Ct. App. Ark. 1992) (quoting *Stein v. Lukas*, 823 S.W.2d 832, 834 (Ark. 1992)). A plaintiff seeking punitive damages has the burden of proving by clear and convincing evidence that the circumstances exist for punitive damages to be awarded. Ark. Code Ann. §§ 16-55-206, 16-55-207. The Arkansas model jury instructions for civil cases admonish juries considering punitive damages that "'[c]lear and convincing evidence' is proof that enables you without hesitation to reach a firm conviction that the allegation is true." AMI 2218. In determining a punitive damages award, the factfinder considers: (1) the extent and enormity of

the wrong; (2) the intent of the party committing the wrong; (3) the totality of circumstances; and (4) the financial and social condition and standing of the defendant. *Allstate Ins. Co. v. Dodson*, 376 S.W.3d 414, 430 (Ark. 2011) (citations omitted). The Court should keep in mind that these damages are a penalty for malicious conduct, or conduct done with injurious intent. *Id.*

The Court is unable to "without hesitation" reach a "firm conviction" that Bean acted maliciously. As the Court explained above when considering Jones's individual cause of action, there are no allegations concerning Bean's knowledge of Harold's illness. Additionally, there is little evidence that Bean acted maliciously. GALIC has provided excerpts from Bean's deposition in this case. (Docs. 34-1; 36-6). Although Bean claims therein that he cancelled the policy at Harold's request, his testimony on other matters in the excerpts is self-contradictory, and the Court does not consider Bean to be a credible witness. However, just because Bean did not cancel the policy at Harold's request does not mean that malice is the only alternative explanation. Furthermore, even if the Court found a basis for awarding punitive damages, there is insufficient evidence to allow the Court to set an appropriate amount. While the Court has some sense of the extent and enormity of the wrong, there is little evidence about Bean's intent, the Court does not believe the evidence presented gives sufficient insight into "the totality of the circumstances," and there is no evidence one way or the other regarding Bean's financial condition. Because Jones has not submitted sufficient evidence—or alleged sufficient facts—for the Court to without hesitation reach the firm conviction that Bean acted maliciously, and because Jones has submitted insufficient evidence for the Court to set punitive damages at a reasonable amount, no punitive damages will be awarded to the Trust.

In its crossclaim against Bean and in briefing the instant issue, GALIC argues that because of Bean's fraud, it has been required to litigate this issue and pay out an amount greater

than the $250,000 it would otherwise have paid on Harold's term-life insurance policy. The Court finds that the allegations establish that Bean is liable to GALIC for the Arkansas tort of fraud, or deceit. The elements of deceit are:

> (1) The defendant makes a false representation—ordinarily, one of fact;
> (2) The defendant knows that the representation is false or he does not have a sufficient basis of information to make it; that is, scienter;
> (3) The defendant intends to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation;
> (4) The plaintiff justifiably relies upon the representation; [and]
> (5) The plaintiff suffers damage as a result of the reliance.

*Fid. Mortg. Co. of Tex. v. Cook*, 821 S.W.2d 39, 42 (Ark. 1991) (as crossclaimant, GALIC is the "plaintiff" for these elements). Additionally, the misrepresentation must be material. *Ellis v. Liter*, 841 S.W.2d 155, 156–57 (Ark. 1992). The allegations either admitted by GALIC in answering Jones or raised in its crossclaim against Bean establish with sufficient particularity that on December 17, 2012 Bean called GALIC, identified himself as Harold, and explained that he wanted to cancel his life insurance policy, and that that same day Bean faxed cancellation forms to GALIC on which he had forged Harold's signature. This misrepresentation is material because GALIC would not have cancelled Harold's policy in December 2012 if "Harold" had not requested it. It can reasonably be inferred that Bean knew he was not, in fact, Harold. It can also be inferred that Bean intended GALIC to cancel Harold's life insurance policy when Bean, pretending to be Harold, requested exactly that. GALIC, receiving its forms signed by the insured, reasonably relied on those representations and cancelled Harold's life insurance policy. As a proximate result, Jones and the Trust sued GALIC, and GALIC has since paid an amount above that the policy otherwise obligated it to pay. Accordingly, the Court finds that GALIC is entitled to judgment on its crossclaim against Bean, and its motion for default judgment on its

cause of action against Bean for deceit will be granted.

Regarding the amount of damages, the Court reiterates that default damages must be proven to a reasonable degree of certainty. *Everyday Learning Corp.*, 242 F.3d at 818–19. The Court finds that to settle this litigation, GALIC tendered the Trust $270,341.80 on the policy. This amount is $20,341.80 in excess of the face amount of the policy. After briefing the current issue, GALIC and Jones separately reached a settlement on the issue of statutory penalties and Plaintiff's attorney's fees, and asked the Court to dismiss Jones's claims against GALIC, "with each party to bear their own costs and attorneys fees." (Doc. 37). The Court assumes that some additional amount of money was paid by GALIC to the Trust to settle any dispute over statutory penalties and fees, but GALIC has provided insufficient evidence for the Court to determine that amount to a reasonable degree of certainty. Accordingly, the Court finds that as compensatory damages for Bean's deceit, GALIC is entitled to $20,341.80. Because this amount of damages is based on the amount paid by GALIC over the face value of the policy, and because the amount paid over the face value of the policy was not ascertainable at the time Bean deceived GALIC, prejudgment interest on the damages cannot be awarded.

In its motion and brief on default damages against Bean, GALIC asks the Court to award it attorney's fees and costs. Although GALIC does not raise the argument, GALIC's crossclaim also pleads attorney's fees and costs as special damages. (Doc. 14, ¶ 65). It is generally settled that the issue of attorney's fees is substantive, rather than procedural, and so is controlled by state law when the Court's jurisdiction is based on diversity. *See, e.g.*, *In re Volkswagen and Audi Warranty Extension Litig.*, 692 F.3d 4, 15 (1st Cir. 2012) (citing multiple circuits); *Woods Masonry, Inc. v. Monumental Gen. Cas. Ins. Co.*, 198 F.Supp.2d 1016, 1039–40 (N.D. Iowa 2002) (same). "[A]s a general rule, attorney's fees are not allowed in Arkansas unless expressly

authorized by statute." *Shelter Mut. Ins. Co. v. Kennedy*, 60 S.W.3d 458, 462 (Ark. 2001). This is true even when attorney's fees are pleaded as special damages. *Romer v. Leyner*, 277 S.W.2d 66, 71–72 (Ark. 1955). GALIC has not identified, and the Court has not found, an Arkansas statute authorizing attorney's fees for prevailing in a lawsuit for the tort of deceit. Therefore, no attorney's fees will be awarded in this case.

Regarding the issue of costs, GALIC asks the Court to award it $1,766.06 in litigation costs against Bean. These requested costs represent digital impressions, long distance telephone charges, parcel service charges, filing fees and court costs, travel expenses, process service fees, investigator costs, and witness deposition fees (i.e., court reporter costs). (Docs. 36, p. 2; 36-3). "Unless a federal statute, these [Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Court has found no federal statute, federal rule, or court order that prevents it from awarding GALIC the costs it requests, and the requested costs will be awarded.

GALIC is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961, which controls in federal diversity cases. *Mobil Exploration & Producing N. Am., Inc. v. Graham Royalty Ltd.*, 910 F.2d 504, 509 (8th Cir. 1990). That interest rate will be 0.17%.

**II.     Conclusion**

IT IS THEREFORE ORDERED that Plaintiff Judy C. Jones's motion for default judgment and damages against separate Defendant John David Bean (Doc. 24) is GRANTED IN PART and DENIED IN PART, as stated herein, and this case is DISMISSED.

IT IS FURTHER ORDERED that Crossclaimant Great American Life Insurance Company's motion for default judgment and damages against John David Bean (Doc. 22) is GRANTED IN PART and DENIED IN PART, as stated herein, and this case is DISMISSED.

IT IS FURTHER ORDERED that a judgment of liability is entered in favor of Plaintiff Jones as trustee for the Harold L. and Judy C. Jones Family Trust, with no damages outstanding. A separate order of judgment will issue contemporaneously with this order.

IT IS FURTHER ORDERED that judgment is entered in favor of Crossclaimant Great American Life Insurance Company against Defendant John David Bean, with Bean to pay Great American Life Insurance Company $20,341.80 in actual damage and $1,766.06 in litigation costs. This judgment amount shall bear interest at the prevailing legal rate of 0.17% per annum from the date of entry of this order until paid. A separate order of judgment will issue contemporaneously with this order.

IT IS SO ORDERED this 30th day of January, 2015.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE